UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS SHELDON BREWER,<br><br>                              Plaintiff,<br><br>-against-<br><br>WILLIAMS BURNS, DIRECTOR, CENTRAL INTELLIGENCE AGENCY, et al.,<br><br>                              Defendants. | 23-CV-9605 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants have violated his rights. By order dated November 20, 2023, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). After filing the complaint, Plaintiff has submitted several supplements to the complaint (ECF 7, 8), and on November 17, 2023, he attempted to file ten boxes of documents as an amended complaint.

For the following reasons, the Court: (1) treats Plaintiff's complaint and "additional evidence" (ECF 7-8) together as the operative pleading for this action; (2) directs the Clerk of Court to strike Plaintiff's amended complaint from the docket of this action and retain then for 30 days to allow Plaintiff to pick them up; and (3) dismisses this action with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the " special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff, a resident of Edgewater, New Jersey, commenced this action by filing an 1108-page complaint. Named as defendants are a slew of federal officials, the City of New York, officials from various states, and private individuals and entities from all over the country. After filing the complaint, Plaintiff submitted "additional evidence" totaling 2526 pages. (ECF 7, 8.) Thereafter, on November 17, 2023, Plaintiff brought to the court ten boxes of documents containing thousands of pages, which he filed as an amended complaint. Those documents have not yet been scanned and put on the court's docket.

Although this action is Plaintiff's first case in this court, he has filed multiple actions with similar voluminous pleadings against some of the same defendants in the United States District Court for the District of Columbia. That court has dismissed all of the actions as frivolous. *See Brewer v. Wray*, No. 23-CV-0415 (UNA), 2023 WL 3608179 (D.D.C. Feb. 28, 2023), *aff'd*, No. No. 23-5052, 2023 WL 3596439 (D.C. Cir. May 23, 2023); *Brewer v. Wray*, No. 22-CV-0996 (UNA), 2022 WL 1597610 (D.D.C. May 16, 2022), *aff'd*, No. 22-5158, 2022 WL 4349776 (D.C.

Cir. Sept. 20, 2022); *Brewer v. Wray*, No. 22-CV-0592 (UNA) (D.D.C. Apr. 7, 2022); *Brewer v. Wray*, No. 22-CV-0365 (UNA) (D.D.C. Feb. 23, 2022); *Brewer v. Wray*, No. 22-CV-0116 (UNA), 2022 WL 226879 (D.D.C. Jan. 24, 2022); *Brewer v. Wray*, No. 21-CV-3218 (UNA), 2022 WL 160269 (D.D.C. Jan. 18, 2022); *Brewer v. Wray*, No. 21-CV-2954 (UNA) (D.D.C. Nov. 16, 2021); *Brewer v. Wray*, No. 21-CV-2671(UNA) (D.D.C. Oct. 15, 2021); *Brewer v. FBI*, No. 21-CV-2424, 2021 WL 4709563 (UNA) (D.D.C. Sept. 27, 2021). The District of Columbia has also warned Plaintiff that, should he persist in filing repetitive and frivolous cases, the court may enter an injunction preventing him from bringing future cases IFP. *See Brewer*, 2023 WL 3608179, at *1 n1.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads sufficient factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Rule 8(a)(2) also requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Strunk v. U.S. House of Representatives*, 68 Fed. App'x 233, 235 (2d

Cir. 2003) (summary order) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)); *see Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"). Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted). "It is not the Court's job – nor the opposing party's – to decipher a complaint that is 'so poorly composed as to be functionally illegible.'" *Ghosh v. N.Y.C. Hous. Auth.*, No. 21-CV-6139, 2023 WL 3612553, at *6 (S.D.N.Y. Feb. 27, 2023) (quoting *Avramham v. N.Y.*, No. 20-CV-4441, 2020 WL 4001628, at *2 (S.D.N.Y. July 15, 2020)).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." *Salahuddin,* 861 F.2d at 42 (citing Fed. R. Civ. P. 12(f)); *see also Da Costa v. Marcucilli*, 675 Fed. App'x 15, 17 (2d Cir. 2017) (summary order) (dismissing a complaint because it was convoluted, repetitive and difficult to understand); *Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (stating that the policy requiring courts to liberally construe pro se complaints "does not mandate that a court sustain every pro se complaint even if it is incoherent, rambling, and unreadable").

The Court will treat Plaintiff's complaint and additional evidence as the operative pleading for this action. Plaintiff fails, however, to make a short and plain statement showing that he is entitled to relief as required by Rule 8. Rather, he commenced this action with a 1,108-page complaint, followed by additional evidence totaling 2526 pages, and an amended complaint

4

consisting of thousands of pages. As noted above, however, the "special solicitude" in *pro se* cases has its limits. *Triestman*, 470 F.3d at 475 (citation omitted). "[E]ven a *pro se* litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Carmel v. CSH & C*, 32 F. Supp. 3d 434, 436 (W.D.N.Y. 2014). The Court has no obligation "to sift through" Plaintiff's submissions to find the claims he is attempting to assert. *Carmel*, 32 F. Supp. 3d at 436.

In light of the dismissals of Plaintiff's previous actions by the District of Columbia, the Court finds that Plaintiff was or should have been aware of the defects of his complaint and other submissions when he filed them. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). The Court therefore dismisses the operative complaint because it does not comply with Rule 8. The Court directs the Clerk of Court to strike Plaintiff's amended complaint, which has not been scanned and placed on the docket. The court will retain the 10 boxes of documents that consist of the amended complaint for 30 days to allow Plaintiff to pick them up in person.

In recognition of the "special solicitude" afforded *pro se* litigants, the Court grants Plaintiff 30 days' leave to submit an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. The amended complaint must (1) contain a short and plain statement showing that he is entitled to relief; (2) clearly set forth the defendants he is suing and why; and (3) include the basis for federal subject matter jurisdiction and why this court is the appropriate venue for his claims. Plaintiff's amended complaint must be limited to 20 pages unless he can

provide reasons why it should be longer. Plaintiff should also be mindful that he need not submit evidence at this stage in the litigation.

If Plaintiff does not file such an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed, with 30 days' leave to replead. Plaintiff's amended complaint should not exceed 20 pages. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment consistent with this order. All other pending matters in this care are terminated.

The Clerk of Court is directed to strike the amended complaint that Plaintiff filed on November 17, 2023. The court will retain the 10 boxes of documents consisting of the amended complaint for 30 days to allow Plaintiff to pick them up in person.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   December 1, 2023
         New York, New York

                    /s/ Laura Taylor Swain
                       LAURA TAYLOR SWAIN
                    Chief United States District Judge