UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS SHELDON BREWER,

                        Plaintiff,

                 -against-

WILLIAMS BURNS, DIRECTOR, CENTRAL
INTELLIGENCE AGENCY, et al.

                      Defendants.

23-CV-9605 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      On October 30, 2023, Plaintiff, who is proceeding *pro se*, commenced this action by filing an 1,108-page complaint against a slew of federal officials, the City of New York, officials from various states, and private individuals and entities from all over the country. After filing the complaint, Plaintiff submitted "additional evidence" totaling 2,526 pages. (ECF 7, 8.) Thereafter, on November 17, 2023, Plaintiff brought to the court ten boxes of documents containing thousands of pages, which he filed as an amended complaint.

      On December 1, 2023, the Court treated Plaintiff's complaint and "additional evidence" (ECF 7-8) together as the operative pleading for this action, and found that it failed to comply with Rule 8 of the Federal Rule of Civil Procedure. The Court directed the Clerk of Court to strike Plaintiff's amended complaint from the docket of this action, and to retain the 10 boxes of documents for 30 days to allow Plaintiff to pick them up. Finally, the Court granted Plaintiff 30 days' leave to submit an amended complaint that (1) contains a short and plain statement showing that he is entitled to relief; (2) clearly sets forth the defendants he is suing and why; and (3) includes the basis for federal subject matter jurisdiction and why this court is the appropriate venue for his claims. The Court further directed Plaintiff to limit the amended complaint to 20 pages, unless he can provide reasons why it should be longer.

In response to the order, on December 4, 2023, Plaintiff filed a "Motion to Reconsider and Strike Order Entered December 1, 2023." (ECF 13.) In the motion, Plaintiff, who claims that he is bringing a class action of which he is the lead plaintiff, contends that the order: (1) "functionally defeat[s] the [c]onstitutional, civil, and human rights of the entire class of plaintiffs"; and (2) "aid[s] and abet[s] a cover-up perpetrated by Defendant United States to evade [c]onstitutional accountability for its illegal acts and those of its co-conspirators under law." (*Id.* ¶ 1.) Plaintiff asserts that the amended complaint he filed is "economical and efficient" in presenting his claims, which encompasses "55-years of fraudulent concealment by the United States in its illegal secret operations," by setting forth "113 example set of facts on 252 pages, with about 12,000 pages of directly related evidence." (*Id.* ¶ 5.) He further contends that "[p]roper presentation cannot be accomplished," within the 20-page limit set by the Court (*id.* ¶ 9), and meet the "competing goals" of Rule 8, which requires a short and plain statement, and Rule 9(b) of the Federal Rules of Civil Procedure, which "requires particularity in the pleading of the predicate acts" (*id.* ¶ 8). Plaintiff also asserts that the "proximate cause" for the "cascade of *res judicata* dismissals" of his cases in the United States District Court for the District of Columbia was a defective complaint form that has since been withdrawn by that court. (*Id.* ¶ 2.) He requests (1) that the Court strike the December 1, 2023 order, (2) accept the amended complaint as submitted, and (3) certify this matter as a class action.

The Court liberally construes this submission as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency

in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

### A.   Motion for Relief under Rule 60(b)

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Plaintiff asks the Court to reconsider the striking of his amended complaint, which he alleges, consists of 252 pages of "example of set facts" and about 12,000 pages of evidence. (ECF 13, ¶ 5). He argues that his amended complaint was properly pleaded under Rule 8, and that he cannot condense his claims – which arose out of events that began in or about 1968, when he was 12 years old, and span 55 years (ECF 13, ¶¶5, 36) – within the 20-page limit set by the Court. Plaintiff is essentially arguing that it was an error for the Court to strike his amended complaint and issue specific instructions mandating the filing of an amended complaint limited to 20 pages. The Court rejects Plaintiff's contentions.

All pleadings, including those filed by *pro se* litigants, must comply with Rule 8(a) of the Federal Rules of Civil Procedure. *See, e.g., Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted); *see also Komatsu v. City of New York*, No. 20-CV-7046 (ER), 2021 WL 3038498, at *5 (S.D.N.Y. July 16, 2021) (noting that "length is only one consideration under Rule 8," and other issues include "redundancy and frequent frolics into seemingly irrelevant materials [which] inhibit the Court and Defendants' ability to understand the nature of many of the issues he has raised").

Plaintiff's operative pleading, which spans 3,634 pages, is far from short and plain. "[I]t is excessively long-winded, and its wordiness is unjustified," *Morgens Waterfall Holdings, L.L.C. v. Donaldson, Lufkin & Jenrette Securities Corp.*, 198 F.R.D. 608, 610 (S.D.N.Y. 2001), and "is precisely the sort of pleading that leaves the [Court and defendants] forced to select the relevant material from a mass of verbiage," *Komatsu*, 2021 WL 3038498, at *5 (internal quotation marks and citation omitted). Dismissal of the complaint under Rule 8 was therefore warranted. *See, e.g., Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir. 2006) (summary order) (affirming dismissal of a 57-page complaint for prolixity); *Azzarmi v. Neubauer*, No. 20-CV-9155 (KMK), 2022 WL 4357865, at *4 (S.D.N.Y. Sept. 20, 2022) (dismissing *pro se* complaint pursuant to Rule 8 where the complaint was 204 pages in length); *Nygard v. Bacon*, No. 19-CV-1559 (LGS), 2021 WL 3721347, at *7 (S.D.N.Y. Aug. 20, 2021) (dismissing lengthy 144-page

complaint pursuant to Rule 8(a)). For the same reasons, it was appropriate for the Court to strike Plaintiff's even more lengthy amended complaint, which placed an "unjustified burden on the court." *Salahuddin*, 861 F.2d at 42.

Plaintiff also contends that he cannot meet the requirement that the proposed amended complaint not exceed 20 pages. The 20-page limit is an adequate length for litigants to set forth a short and plain statement showing that they are entitled to relief. *See, e.g., Crichlow v. Annucci*, No. 18-CV-3222 (PMH), 2021 WL 3146241, at *3 (S.D.N.Y. July 23, 2021) (20-page limit adequate); *Harden v. Doe*, No. 19-CV-3839, 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (same). Plaintiff does not provide reasons why the proposed amended complaint should exceed the 20-page limit.

The Court finds that Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of his complaint under Rule 8, the striking of the amended complaint, or the 20-page limitation for the proposed amended complaint, his request for relief under Rule 60(b) is denied.

If Plaintiff elects to file an amended complaint, he must limit it to 20 pages and name as defendants only those individuals with some personal involvement in the alleged violations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution."); *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020) (To hold a state or federal official liable in a civil rights complaint, "a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]"). Plaintiff is also directed to set forth his

factual allegations in numbered paragraphs organized chronologically. Each paragraph should be concise, and should state (1) what is alleged to have occurred; (2) where possible, the date and location that the action is alleged to have occurred; (3) which of the defendants is responsible for the alleged action; and (4) how the alleged action is related to a deprivation of the Plaintiff's rights.[1] As stated in the December 1, 2023 order, Plaintiff need not submit any evidence at this stage in the litigation.

**B.      Class Action**

Plaintiff seeks to certify a class action in connection with his claims. As a nonlawyer, Plaintiff can represent only his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). Because a *pro se* litigant cannot assert claims on behalf of third parties, a *pro se* plaintiff cannot bring class action claims. *See Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 471 (2d Cir. 2004) ("[I]t is well established that 'a *pro se* class representative cannot adequately represent the interests of

---

[1] Plaintiff asserts in the motion that the alleged events giving rise to his claims began in or about 1968 and took place in multiple states. (ECF 13, ¶ 36.) The Court refers Plaintiff to Rules 18 and 20 of the Federal Rules of Civil Procedure, which govern joinder of claims and parties, respectively. Rule 18(a) permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (holding that "the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)") (internal quotation marks and citation omitted, alteration in original). Plaintiff's amended complaint must comply with the joinder rules; he should join only related claims.

other class members.'") (citation omitted); *Chapman v. U.S. Dep't of Justice*, 558 F. Supp. 3d 45, 49 (E.D.N.Y. 2021) (dismissing the plaintiff's class action claims because he was "proceeding *pro se* and cannot bring a class action on behalf of others"). The Court therefore denies Plaintiff's request for class certification.

## CONCLUSION

For the reasons stated in this order, the Court denies Plaintiff's motion (ECF 13) to strike the December 1, 2023, and his request for class certification. Plaintiff is granted 30 days' leave to file an amended complaint that should not exceed 20 pages.

If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment consistent with the December 1, 2023 order. The Clerk of Court is directed to terminate all pending matters in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 11, 2023
       New York, New York

                     /s/ Laura Taylor Swain
                     LAURA TAYLOR SWAIN
                     Chief United States District Judge